IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KYMBERLY RAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:23-cv-01098-JPM-jay |
| v. | ) | |
| | ) | |
| SANOFI US SERVICES INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

This Cause was before the Court on August 21, 2023, for a Telephonic Scheduling Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 16.1 and 16.2 (differentiated case management).  Counsel present for Plaintiff Kymberly Ragan was Russell Lewis and Pierce Jones.  Counsel present for Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC was Matthew DePaz and Mariham Yaft.  Prior to the Scheduling Conference, on August 2, 2023, the Parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).  (See Rule 26(f) Report, ECF No. 29.)

Plaintiff initially filed the instant case on March 31, 2017 in the Eastern District of Louisiana.  (ECF No. 1 at PageID 1.)  The instant case then went through the multi-district litigation process before it was transferred to the Western District of Tennessee on May 30, 2023.  (See ECF No. 8.)  The instant case was subsequently reassigned to United States District Judge Jon P. McCalla on July 18, 2023.  (ECF No. 11.)

Plaintiff had cancer that was treated with "Taxotere (Docetaxel)" that was administered in Tennessee.  (Id. at PageID 4.)  She alleges that she suffered permanent alopecia as a result of her treatment, and also alleges "mental anguish, severe and debilitating emotional distress; present and future mental and physical suffering and discomfort."  She brings counts of "Strict Products Liability - Failure to Warn," negligence, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, fraud and deceit, intentional infliction of emotion distress, and punitive damages.  (Id. at PageID 4–5.)

The transcript of the Rule 16(b) conference establishes a number of undisputed facts.

At the Telephonic Scheduling Conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: The Court has granted the Parties an exemption from initial disclosures.  (ECF No. 27.)

**MOTIONS TO JOIN PARTIES**: Deadline has passed.  (ECF No. 8 at PageID 3348–50.)

**MOTIONS TO AMEND PLEADINGS**: Deadline has passed.  (ECF No. 8 at PageID 3348–50.)

**MOTIONS TO DISMISS**: Not Anticipated

**COMPLETING ALL DISCOVERY**:

**(a)**     **WRITTEN DISCOVERY**: June 21, 2024
**(b)**     **DEPOSITIONS**: July 22, 2024

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

**(a)**     **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: August 19, 2024

**(b)**     **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: September 19, 2024

**(c)**     **EXPERT WITNESS DEPOSITIONS**: October 21, 2024

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: November 4, 2024

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: October 21, 2024

**FILING RULE 56 DISPOSITIVE MOTIONS**: December 20, 2024

(a) **Deadline for advising the court of completeness of deposition of plaintiff, for purpose of statute of limitations**: September 4, 2023 (if notice is not filed, the record will be considered complete regarding the statute of limitations)
(b) **If record is complete, deadline for filing Rule 56 Dispositive Motion regarding statute of limitations:** September 18, 2023
(c) **Response to Motion for Summary Judgment due by:** October 2, 2023
(d) **Reply to Response due by:** October 9, 2023

**RULE 26(A)(3) WITNESS LISTS, DESIGNATIONS OF WITNESSES WHOSE TESTIMONY WILL BE PRESENTED BY DEPOSITION, AND EXHIBIT LISTS:** April 1, 2025

**RULE 26(A)(3) OBJECTIONS:** April 15, 2025

**TRIAL**:

1. The jury **trial** in this matter, which is anticipated to last 10 days, is set to begin on June 2, 2025, in a courtroom to be designated by the District Court courtroom sharing plan.

2. A **pretrial conference** is set for Friday, May 16, 2025, at 9:30 A.M. (in person).

3. The **joint proposed pretrial order, proposed verdict form, proposed jury instructions, proposed voir dire questions, and motions in limine** are due by no later than 4:30 p.m. on May 5, 2025

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the Parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that they will comply with the terms of the MDL court's Electronically Stored Information ("ESI") Protocol and Pretrial Order Governing Plaintiffs' Responsibilities Relevant to ESI. (ECF No. 29 at PageID 410).

Pursuant to agreement of the Parties, if privileged or protected information is inadvertently produced, the producing Party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing Party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The Parties may engage in ADR at their discretion by the ADR deadline. If any Party determines that mediation is unlikely to be successful, would not be cost effective, or is a procedure in which they do not wish to engage, they may file a Notice of Intent not to engage in mediation. Upon such notice, the mediation shall be cancelled. Pursuant to Local Rule 16.2(d), if the Parties choose to engage in mediation, within 7 days of completion of ADR, the Parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the Parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the Parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing Party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a Party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither Party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a Party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a Party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The Parties do not consent to trial before the Magistrate Judge.

This order has been entered after consultation with the Parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**SO ORDERED**, this 22nd day of August, 2023.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE